FILED
2008 Feb-19  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **VIRGINIA BENTLEY SHANAHAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | |
| ) | CIVIL ACTION NO: |
| **THE LAFAYETTE LIFE** ) | **7:08-CV-00087-UWC** |
| **INSURANCE COMPANY;** ) | |
| **RAYMOND L. DONOHO;** ) | |
| **AND CAMBER CORPORATION,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON DEFENDANT'S
MOTION TO DISMISS**

Presently before the Court is a Motion to Dismiss (Doc. 4), based on lack of *in personam jurisdiction,* filed by Defendant Raymond Donoho ("Donoho"). For the reasons that follow, the Court concludes that Defendants' Motion to Dismiss is due to be GRANTED.

**I.   FACTUAL BACKGROUND**

The present action was initiated by Plaintiff Virginia Shanahan ("Shanahan") in the Circuit Court of Madison County, Alabama. Defendants removed the action to this Court based on diversity jurisdiction on January 15,

2008. Shanahan is an insurance agent formerly contracted with Co-Defendant Lafayette Insurance Company ("Lafayette"), for whom Donoho is employed as Assistant Vice-President and Director of Group Operations. Donoho was Shanahan's direct supervisor with respect to her relationship with Lafayette. (Pl.'s Br. at 1-2.)

The Camber Corporation, located in Huntsville, Alabama, was Shanahan's largest account. Shanahan alleges that Lafayette, at Donoho's insistence, wrongfully failed to pay Shanahan her earned commissions from that account arising out of a dispute between Lafayette and Shanahan's agency, known as Way & Company. (Pl's Br. at 2.) Shanahan essentially alleges that Donoho ignored her lack of involvement in the dispute and severed Shanahan's relationship with Lafayette anyway. Accordingly, Shanahan's complaint includes claims for breach of contract, implied contract, quantum meruit, and accounting for Lafayette's wrongful refusal to pay commissions on group insurance policies she sold on Lafayette's behalf.(Doc. 1, Ex. 2.)

Now, Donoho moves this Court to dismiss claims against him based upon lack of *in personam* jurisdiction. For purposes of this motion, it is important to note that Donoho lives and works in Indiana and, although he has admitted involvement in the facts giving rise to this case, his affidavit testimony claims that

such involvement was entirely inside the scope of his employment with Lafayette. Donoho has never resided in Alabama, conducted personal business in Alabama, employed people in Alabama, been licensed to sell insurance in Alabama, or owned any property in Alabama. (Donoho Aff. Ex. A.)

## II.  CONTROLLING LAW

A. *In Personam Jurisdiction*

The Eleventh Circuit applies a two-step test in determining whether a district court may exercise personal jurisdiction over a non-resident defendant. First, the court must determine whether the forum state's long-arm statute provides a basis for personal jurisdiction. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998).   Second, the court must determine whether the defendant maintains sufficient contacts with the forum state such that exercise of personal jurisdiction over the defendant is consistent with notions of fair play and substantial justice under the Fourteenth Amendment's  Due Process Clause. *Int'l Shoe Co. v. Wash*., 326 U.S. 310 (1945).  Sufficient minimum contacts are those which give the defendant "fair warning" that a particular activity may subject him to the personal jurisdiction of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

III.  ANALYSIS

A. *In Personam Jurisdiction*

Alabama's long-arm statute authorizes Alabama courts to exercise personal jurisdiction to the fullest extent possible under the Due Process Clause.  Ala. R. Civ. P. 4.2 (a).   Where the forum state's long-arm statute authorizes the court to assert personal jurisdiction to the fullest extent possible under the Due Process Clause, the Court need not examine the state statute, for then the only analysis becomes whether exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.   *Morris v. SSE, Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

Personal jurisdiction can take the form of general or specific jurisdiction.  *See FrancoSteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994).  This Court's exercise of general jurisdiction satisfies due process where the defendant's contacts with the forum state are "continuous and systematic." *Consolidated Dev. Corp. V. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000).  Because there is no evidence whatsoever in the record that Donoho continuously and systematically made contacts in Alabama, this Court does not have general jurisdiction over him.  Thus, this Court must determine whether Donoho maintained contacts with the state of Alabama such that exercise of specific jurisdiction over him satisfies due

process. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945).

The Eleventh Circuit has held that the exercise of specific jurisdiction passes constitutional muster where three criteria are satisfied. First, the defendant's contacts with the forum state must be related to the cause of action or give rise to it. *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005) (citing *FrancoSteel Corp.,* 19 F.3d at 627). Second, the contacts must involve some act of the defendant by which he purposefully avails himself of the benefits of conducting activities of the forum. *Id*. Third, the defendant's activities must be such that he could reasonably anticipate being haled into court in the forum state such that the exercise of personal jurisdiction does not offend notions of fair play and substantial justice. *Id*.

Applying these three criteria, first, Defendants' contacts with Alabama must be related to Plaintiff's cause of action or give rise to it. Donoho has admittedly made some contacts with Shanahan and with the state of Alabama. It is undisputed that those contacts are related to Lafayette's employment relationship with Shanahan, which is the basis of her claim. However, Donoho does not appear to have any contacts with Alabama in his *individual capacity*, nor has Plaintiff presented any compelling evidence to the contrary.

Donoho relies on *Thames v. Gunter Dunn, Inc.*, 373 So. 2d 640 (Ala. 1979)

in which the Alabama Supreme Court observed that "unless there is evidence that the act by the corporate officer was other than as an agent for the corporation, then personal jurisdiction over the corporate officer will not lie." *Thames v. Gunter Dunn, Inc.*, 373 So. 2d 640, 641 (Ala. 1979).  As Donoho correctly notes, this rule applies with equal force in this case.

Likewise, Shanahan correctly points out that the Court in *Thames* acknowledged that agents acting outside the employer's authority are, in fact, considered to be acting in their individual capacity and therefore subject to personal jurisdiction if their conduct leads to tortuous injury.  *Id.* at 642.

Shanahan, however, has failed to present any compelling evidence that Donoho ever acted *outside* the scope of his employment.  Rather, Shanahan relies essentially on two conclusory assertions.  First, she claims that Donoho "knew his illegal and tortuous conduct would adversely impact Shanahan in Alabama" when he fired her.  (Pl.'s Br. at 3.)  This is a classic logical fallacy, or *petitio principii.*  Shanahan has assumed in one of her premises the very the proposition to be proved .  This is utterly insufficient.

Second, Shanahan claims that Donoho knew of Shanahan's "lack of guilt" with respect to the disagreement between Lafayette and Way & Company and fired her anyway.  (Pl.'s Br. at 2.)  This is insufficient as well.  Donoho's

knowledge *vel non* of Shanahan's innocence as to the disagreement between Way & Company and Lafayette is of no import here. What *is* important is some evidence of Donoho's duty to investigate her innocence or to challenge Lafayette's decision to terminate her based upon knowledge of such innocence. Shanahan has come forward with none. On the contrary, the record before the Court shows that it is undisputed that the contract between Shanahan and Lafayette could be terminated by either party upon thirty days written notice–no cause need be given by either party so long as that notice requirement was met. (Pl.'s Ex. 4.)

In order to assert personal jurisdiction over Donoho, Shanahan must show that he possessed meaningful contacts with the state of Alabama that are *outside* of the scope of his employment. The only "contacts" Shanahan points to are (1) the termination letter Donoho sent to Shanahan in Alabama and (2) his contact with clients in and out of Alabama informing them of the termination of the relationship. The termination letter appeared on Lafayette letterhead and the content was brief and professional. (Pl.'s Ex. 4. ) Nothing in the letter rises to the level of maliciousness, as Shanahan contends. (Pl's Ex. 3.) Accordingly, this Court need not even reach whether the sporadic mailing of letters or phone calls would be sufficient to assert personal jurisdiction over Donoho.

The essential consideration for this Court's conclusion is that Shanahan has presented no evidence that Donoho acted *outside* the scope of his employment. Moreover, she has failed to distinguish the controlling law placing the onus on her to do so. *See Thames,* 373 So. 2d 640. Accordingly, Shanahan has failed the first of the Eleventh Circuit's criteria under *McGow v. McCurry* mentioned above. Under *McGow*, the defendant's contacts with the forum state must be related to the cause of action or give rise to it. *Id.* at 1214. Upon the record presently before the Court, Donoho, in his *individual capacity*, has NO contacts with the forum state. Therefore, this Court may ends its jurisdictional analysis here.

Accordingly, Defendants' Motion to Dismiss for lack of *in personam* jurisdiction is due to be GRANTED. By separate order, it will be done.

Done the 19th day of February, 2008.

                                                  U.W. Clemon
                                    United States District Judge