FILED
2008 Mar-21 PM 12:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **VIRGINIA BENTLEY SHANAHAN,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) CIVIL ACTION NO: <br> **THE LAFAYETTE LIFE** ) **7:08-CV-00087-UWC** <br> **INSURANCE COMPANY;** ) <br> **RAYMOND L. DONOHO;** ) <br> **AND CAMBER CORPORATION,** ) <br> ) <br> Defendants. ) | |

**MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is Defendant Lafayette Life Insurance

Company's ("Lafayette's") Motion to Dismiss or, in the alternative, Motion for

Summary Judgment (Doc. 3). For the reasons that follow, the Court concludes

that Defendants' Motion to Dismiss is due to be GRANTED in part and DENIED

in part.

**I. FACTUAL BACKGROUND**

The present action was initiated by Plaintiff Virginia Shanahan

("Shanahan") in the Circuit Court of Madison County, Alabama. Defendants

removed the action to this Court based on diversity jurisdiction on January 15, 2008.  Shanahan is an insurance agent formerly contracted with Defendant Lafayette. (Pl.'s Br. at 1-2.)   Prior to the case *sub judice,* Lafayette filed a lawsuit in Madison County, Alabama against LaSalle Bank, The Peoples Bank and Trust Company, Way and Company LLC, Jack S. Way, and Shanahan alleging conversion and misappropriation of approximately $370,000 in insurance premium checks.

Shanahan was served with Lafayette's complaint on February 28, 2005. Lafayette filed a stipulation of dismissal on March 30, 2005, the same day that Shanahan's answer would have been due under the Alabama Rule of Civil Procedure 12(a).  Shanahan was dismissed without prejudice pursuant to Alabama Rule of Civil Procedure 41(a)(1)I).  Shanahan did not answer or otherwise respond in the prior lawsuit.

The Camber Corporation, located in Huntsville, Alabama, was Shanahan's largest account.  In the case *sub judice*, Shanahan alleges that Lafayette wrongfully failed to pay Shanahan her earned commissions from that account arising out of a dispute between Lafayette and Shanahan's agency, known as Way & Company.  (Pl's Br. at 2.)  Accordingly, Shanahan's complaint includes claims for abuse of process, malicious prosecution, breach of contract, implied contract,

quantum meruit, and accounting for Lafayette's wrongful refusal to pay commissions on group insurance policies she sold on Lafayette's behalf.(Doc. 1, Ex. 2.)

Now, Lafayette moves this Court to dismiss claims against it based upon three primary theories. First, Lafayette moves to dismiss Shanahan's abuse of process claim. Based on controlling law, Shanahan concedes that this claim is properly dismissed; so this Court will not address it specifically. Second, Lafayette moves to dismiss Shanahan's malicious prosecution claim because the underlying lawsuit was dismissed pursuant to a settlement agreement and therefore Shanahan cannot satisfy a key element of a claim for malicious prosecution. Third, Lafayette moves to dismiss Shanahan's remaining claims because they were compulsory counterclaims in the underlying lawsuit and thereby barred by *res judicata.*

## II.  CONTROLLING LAW

A.  *Malicious Prosecution*

A suit for malicious prosecution is not favored in the law. *Evans v. Alabama Prof'l Health Consultants, Inc.*, 474 So. 2d 86, 88 (Ala. 1985). A claim for malicious prosecution involves the following six elements:  (1)"the institution or continuation of original proceedings, either civil or criminal; (2) by, or at the

instance of, the defendant; (3) *the termination of such proceedings in plaintiff's favor*; (4) malice in instituting the proceedings; (5) want of probable cause for the proceedings; and (6) the suffering of injury or damage as a result of the action or prosecution complained of." *Evans,* 474 So. 2d at 87-88 (emphasis added).

With respect to the third element, "where dismissal of a claim is part of a settlement agreement, such termination of the proceedings is not favorable to the plaintiff in all respects, and no malicious prosecution will lie." *Id.* (citing *Wilson v. Brooks*, 369 So. 2d 1221 (Ala. 1979).

However, under *Barrett Mobile Home Transport, Inc. v. McGugin*, 530 So. 2d 730 (Ala. 1988), the Alabama Supreme Court carved an exception to the rule in *Evans*. In *Barrett*, the court held that an abandoned or dismissed action without prejudice, in which no settlement agreement was involved, constituted a termination of the proceedings in the plaintiff's favor for purposes of a malicious prosecution claim. *Barrett*, 530 So. 2d at 735.

B. *Compulsory Counterclaims*

Rule 13(a) of the Alabama Rule of Civil Procedure provides that a "pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . .

. ." Ala. R. Civ. P. 13(a). A counterclaim is compulsory "if there is any logical relation of any sort between the original claim and the counterclaim." Ala. R. Civ. P. 13(a), Committee Comments.

Alabama adheres to the "logical relationship test," which deems a counterclaim compulsory if (1) its trial in the original action would avoid substantial duplicative effort; or (2) the original claim and the counterclaim arose out of the same aggregate core of operative facts." *Id.* Rule 13(a) provides no mechanism to compel a party to assert these claims. Rather, the compulsion lies in the *res judicata* bar upon those claims when a party seeks to raise them in a subsequent action. *See e.g., Ex Parte The Cincinnati Ins. Companies*, 806 So. 2d 376, 379 (Ala. 2001).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c).

The party requesting summary judgment always has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979). Evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

### III. ANALYSIS

*A. Malicious Prosecution*

The central question is whether the widely held rule in *Evans v. Alabama Prof'l Health Consultants, Inc.*, 474 So. 2d 86, 88 (Ala. 1985) should apply to Shanahan's malicious prosecution claim or whether the exception in *Barrett Mobile Home Transport, Inc. v. McGugin*, 530 So. 2d 730 (Ala. 1988) should apply instead. This Court finds that the rule in *Evans* is more applicable here.

Shanahan argues that the *Barrett* exception should apply because, even though a settlement agreement accompanied the dismissal of the underlying suit, Shanahan did not sign it and Shanahan was dismissed without prejudice. Thus, Shanahan argues, the facts as applied to her are as if no settlement ever existed. (Pl.'s Br. at 5.) A common sense examination of the facts of this case, coupled

with the strong public policy disfavoring suits for malicious prosecution, militate against this reading.

Foremost, Alabama favors settlement agreements. *Barrett*, 530 So. 2d at 735 (citing *Evans*, 474 So. 2d at 88). Although Shanahan did not sign the agreement, it is clear that the parties contemplated that the dismissal was a result of the settlement negotiations between Lafayette and Way & Company, Shanahan's employer.

Secondly, public policy also strongly disfavors claims for malicious prosecution. *Evans.*, 474 So. 2d at 88. In cases in which parties negotiate in good faith to resolve the case and actually resolve it, the Alabama Supreme Court has been clear that claims for malicious prosecution should not lie. *See Evans* 474 So. 2d 86. Even the *Barrett* court noted that its holding should not disturb *Evans*, stating that "**any** civil proceedings terminating in such an agreement will not support a subsequent malicious prosecution action." *Barrett*, 530 So. 2d at 736 (emphasis added). Indeed, *Barrett* did not suggest that its holding was limited to situations in which every party signed the agreement.

Therefore, even viewing all the facts in the light most favorable to Shanahan, controlling law and public policy militate against Shanahan's claim for malicious prosecution. Lafayette's motion to dismiss the claim for malicious

prosecution is due to be GRANTED.

## B. Compulsory Counterclaims

There is no question that Shanahan's claims here are "logically related" to those in the prior action. Thus, Lafayette contends that, because these claims "were all in existence at the time Shanahan was required to file a responsive pleading in the underlying lawsuit," her claims were compulsory and therefore barred by *res judicata* in this case. (Def.'s Br. at 7.) This Court disagrees.

Compulsory counterclaims are due contemporaneously with the first responsive pleading. *See* Ala. R. Civ. P. 13(a). The underlying suit here was settled *prior* to any responsive pleading filed by Shanahan. (Pl.'s Br. at 4.)

Shanahan was served with Lafayette's complaint on February 28, 2005. Lafayette filed a stipulation of dismissal without prejudice on March 30, 2005, the same day that Shanahan's answer would have been due. *See* Ala. R. Civ. P. 12(a) (stating that a defendant shall serve an answer within thirty (30) days). Therefore, Shanahan argues that her claims are not barred by *res judicata* because the case was resolved prior to the time when her duty to respond arose. *Id.*

In its Motion to Dismiss (Doc. 3), Lafayette claimed that "the deadline for Shanahan to file a response came and went with no pleading of any kind filed on her behalf." (Doc. 3 at 2.) This Court disagrees. Because of the timing of the

settlement, Shanahan was never required to file a responsive pleading. Therefore, she was never required to raise her compulsory counterclaims. If Lafayette wanted to ensure that all of Shanahan's claims arising out of the underlying suit would be barred in a subsequent action, it should have insisted that she sign the settlement agreement or dismissed her from that suit with prejudice.

As such, Shanahan's claims for breach of contract, implied contract, quantum meruit, accounting, libel, slander, and conspiracy survive and Lafayette's Motion to Dismiss them is due to be DENIED.

## CONCLUSION

Accordingly, the Court concludes that Defendants' Motion to Dismiss (Doc. 3) is due to be GRANTED in part and DENIED in part. By separate Order, it shall be done.

Done the 21st day of March, 2008.

_____
U.W. Clemon
United States District Judge